# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RICKY GONZALES,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN D. BITTER,<br><br>    Respondent.<br>_____/ | 1:12-cv-00714-BAM (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION<br><br>[Doc. 15] |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

    On September 28, 2012, the undersigned issued an order denying in part the petition for writ of habeas corpus and appointed the Office of the Federal Defender to represent Petitioner and address Petitioner's challenge to the dismissal of Juror No. 32.

    Now pending before the Court is Respondent's motion for reconsideration of the Court's order appointing counsel to further address Petitioner's claim.

    Respondent argues that reconsideration is necessary because Petitioner's claims regarding Juror No. 32 were adjudicated on the merits in state court, so the record is limited to the record that was before the state court, and assuming the claims were not adjudicated on the merits, Petitioner is not entitled to further development of the record because he failed to develop the factual basis of his claims in state court.

     A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with (1) newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law. Marlyn v. Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); see also Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn, 571 F.3d at 880 (citation and internal quotation marks omitted). "A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." United States v. Westlands Water District, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

     The Court finds that Respondent has misinterpreted the Court's September 18, 2012, order appointing counsel to further address Petitioner's challenges to the dismissal of Juror No. 32. The Court did not rule that further factual development of the claims is indeed proper. The Court merely found that based on the briefing before the Court, it was unable to make such determination without further briefing by way of appointment of counsel for Petitioner to address whether expansion of the record is authorized. Because of the complexity of such determination, appointment of counsel for Petitioner is necessary. Thus, to the extent Respondent wishes to argue that further development of the claims is barred by Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011), and the exceptions under § 2254(e)(2) have not been meet, such arguments may be made when Petitioner's counsel has made an appearance and further briefing is ordered. Accordingly, Respondent's motion for reconsideration of the Court's September 28, 2012, order appointment counsel to further address Petitioner's challenge to the dismissal of Juror No. 32 is DENIED.

     IT IS SO ORDERED.

Dated:   **October 16, 2012**          /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE